Freeman J.,
delivered the opinion of the court.
This is an attachment issued under the act of 1833, transferred to the Code, s. 1991, by which the steamer Resaca was attached for a debt created for materials furnished and work done on said boat. The boat was attached, declaration regularly filed, to which defendant filed no pleas, nor made any defense, and judgment by default was regularly taken.
A writ of error and supersedeas was granted by Hon. George Andrews, then Judge of the Supreme Court, and now several errors are assigned for reversal.
1. It is insisted that the petition for the attachment does not show that the work and labor done or materials were furnished in the State. On looking at it, we find, however, that an account is filed with the petition, and made part of it, which gives the items and date of furnishing them, which is headed “Nashville, Tenn.” We think this, being part of the petition, sufficiently shows the place where the materials were furnished, and that it was done in the State, if we can look to the petition at all in this case.
2. It is insisted that this is an independent suit of plaintiffs, and a warrant or writ of attachment regularly issued and levied on the boat, while in the face *200 of the petition it appears that the boat had already been attached and seized by creditors, whose suits were pending at the time.
The Code provides, s. 3556, “that any creditor who has not joined in the original warrant may be made party plaintiff on motion before the trial.” Section 3558 is, that “ after a warrant and seizure of the boat, no other such creditor shall have or obtain a warrant to attach or seize the boat, but may have themselves made parties as prescribed in preceding section, that is, by motion.” Under these sections it is clear that the warrant was improperly issued, and from the statements on the face of petition, was absolutely forbidden by law.
But while the warrant and levy were void, the plaintiffs came into court, and moved at June Term, 1869, 21st day of the month, the warrant having issued 15th of March before, to be made parties to the other cases pending, and file an amended declaration. This made them parties properly, and they were entitled to enforce their lien in said proceeding, other things out of the way.
It is insisted, however, that at the date of the motion and allowance of plaintiffs to be made parties, the lien had expired, it only being allowed for three months by the Code, s. 1991, from time the work was done or the materials furnished, and until the termination of any suit that may be brought for said debt. It will be seen that the statute prohibits the issuance of a warrant by a creditor after the first suit is commenced; but they must be made parties by mo *201 tion — such motion can only be made in court. It is evident then the second creditor must have the advantage of the first suit commenced and levy made, or else he may be defeated entirely of his lien by the first levy which may be made immediately on .adjournment of the court, where the suit is pending, and the lien may expire before the next term, which may be within a fraction of four months after such adjournment.
We do not think the statute intended to thus cut off the lien of subsequent creditors coming in by motion ; but taking the two sections together, or rather all the provisions, we think the true meaning - is, that unless the work was done more than three months before the first attachment it ceases to exist, but after such suit is commenced it inures to the benefit of all the creditors provided for, and it is then their suit whenever they are made parties by motion.
We can only look at plaintiffs’ cause of action in this case then, as stated in his declaration properly filed, after he was admitted as a party to the suit; and on the face of it we do not find that the plaintiffs have alleged the facts necessary to entitle them to a lien. They do not allege that the materials were furnished in the State; they claim a lien, but do not show the facts on which it will arise, as provided by the statute. Is this necessary in the declaration? Certainly, if they seek a lien on the boat. And as this is a proceeding in which the party is only in court as a party for enforcement of his lien, if he fails to allege the facts necessary to show that he had a lien, and was therefore entitled to the ben *202 efit of tbe proceedings pending, he has not entitled himself to .a judgment in this special proceeding: Hill v. Mills et als., 9 Hum., 632, 633.
The judgment rendered is the one provided by the statute on defendants’ bond given in pursuance of s. 3555, but no such bond appears in the record. As we can not look at the petition or exhibit referred to in it, being void and not properly a part of the case, as we have said, there is no evidence whatever in the record that plaintiffs were entitled to the benefit of the proceedings pending against the boat in the Circuit Court.
The judgment must be reversed and the case dismissed.